Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Russell M. Aoki (*Pro Hac Vice pending*)
AOKI LAW PLLC
720 Olive Way, Suite 1525
Seattle, WA 98101-1816
Telephone: (206) 624-1900
Facsimile: (206) 442-4396
russ@aokilaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LEADCLICK MEDIA, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEANSPA, LLC, a Connecticut Limited Liability Company; NUTRASLIM UK LTD., Form of Entity Unknown; NUTRASLIM, LLC, a Connecticut Limited Liability Company; NEWAGE OPT IN INC., a Florida Corporation; MEDIA NETWORK, INC., a Connecticut Corporation; and BORIS MIZHEN, an Individual,<br><br>Defendants. | No. CV 11-4423 DMR<br><br>ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANTS LEANSPA, LLC; NUTRASLIM UK LTD.; NUTRASLIM, LLC; NEWAGE OPT IN INC; AND MEDIA NETWORK, INC.<br><br>ACTION FILED: Sept. 6, 2011 |

006193-11 479475 V1

The defendants, LEANSPA, LLC, a Connecticut limited liability company; NUTRASLIM UK LTD., form of entity unknown; NUTRASLIM, LLC, a Connecticut limited liability company; NEW AGE OPT IN INC., a Florida corporation; and MEDIA NETWORK, INC., a Connecticut corporation (herein "Defendants"), by and through their counsel, hereby answer Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Defendants are without sufficient information to admit or deny and, therefore, deny the allegations in Paragraph 1 of the Complaint.

2. Defendants are without sufficient information to admit or deny and, therefore, deny the allegations in Paragraph 2 of the Complaint.

## THE PARTIES

3. Defendants are without sufficient information to admit or deny that Plaintiff LeadClick Media, Inc. is a corporation organized and existing under the laws of the state of California with its principal place of business in Poway, California, and therefore, deny the allegations.

4. Defendants admit LeanSpa, LLC ("LeanSpa") is a limited liability company organized and existing under the laws of the state of Connecticut with its principal place of business in Branford, Connecticut.

5. Defendants admit NutraSlim Uk Ltd. ("NutraSlim Uk") is organized under the laws of the United Kingdom.

6. Defendants admit NutraSlim, LLC ("NutraSlim") was a limited liability company organized and existing under the laws of the state of Connecticut with its principal place of business in Branford, Connecticut.   Nutraslim was dissolved on April 6, 2011.

7. Defendants admit NewAge Opt In, Inc. ("NewAge") is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Branford, Connecticut.

8. Defendants admit Media Network, Inc. ("Media Network") is a corporation

organized and existing under the laws of the state of Connecticut with its principal place of business in Branford, Connecticut.

9. Defendants also admit that defendant Boris Mizhen is a natural person and a citizen of and domiciled in the state of Connecticut.

10. Defendants deny that each of the Defendants was the agent, representative, and/or employee of each of the remaining Defendants and further deny any of the Defendants acted within the course and scope of such agency, representation, and/or employment.

11. Defendants deny the allegations set forth in Paragraph 11.

12. Defendants further deny that there was a unity of interest in ownership among Defendants LeanSpa, NutraSlim, NutraSlim Uk, NewAge and Media Network such that any individuality and separateness between said Defendants has ceased, and Defendants are the alter egos of each other in that said Defendants are and at all times herein mentioned were undercapitalized, mere shells, instrumentalities, and conduits through which individual defendant Mizhen carried on his business in the corporate name exactly as he conducted it previous to or as he would absent incorporation or formation, exercising complete control and dominance of such businesses to such an extent that any individuality or separateness of said Defendants does not, and at all times herein mentioned, did not exist.

13. Defendants deny that there is an adherence to the fiction of the separate existence of corporate Defendants LeanSpa, NutraSlim Uk, NutraSlim, NewAge and Media Network as distinct entities would permit an abuse of the corporate privilege and would sanction fraud and the Plaintiff, without knowledge of the aforementioned conduct, provided consideration to Defendants and thereafter would be unable to recover from the real perpetrator and instigator of the breaches alleged herein because of Defendants' hiding behind the veil of the corporate shell which, Plaintiff is informed and believes, lack sufficient assets to compensate Plaintiff for its damages as alleged herein.

**GENERAL ALLEGATIONS**

14. Defendants are without sufficient information to admit or deny the

ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANTS – No. CV 11-4423-DMR

- 3 -

006193-11 479475 V1

allegations contained within Paragraph 14 and, therefore, deny the same.

15. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 15 and, therefore, deny the same.

16. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 16 and, therefore, deny the same.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract**
**Against All Defendants)**

17. Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 16 as if set forth fully herein.

18. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 18 and, therefore, deny the same.

19. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 19 and, therefore, deny the same.

20. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 20 and, therefore, deny the same.

**SECOND CLAIM FOR RELIEF**
**(Express Contractual Indemnity**
**Against All Defendants)**

21. Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 20 as if set forth fully herein.

22. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 22 and, therefore, deny the same.

23. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 23 and, therefore, deny the same.

24. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 24 and, therefore, deny the same.

25. Defendants are without sufficient information to admit or deny the allegations

contained within Paragraph 25 and, therefore, deny the same.

### THIRD CLAIM FOR RELIEF
### (Common Count - Money Owed
### Against All Defendants)

26.     Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 25 as if set forth fully herein.

27.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 27 and, therefore, deny the same.

28.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 28 and, therefore, deny the same.

### FOURTH CLAIM FOR RELIEF
### (Common Count - Account Stated
### Against All Defendants)

29.     Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 28 as if set forth fully herein.

30.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 30 and, therefore, deny the same.

31.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 31 and, therefore, deny the same.

### FIFTH CLAIM FOR RELIEF
### (Common Count - Open Book Account
### Against All Defendants)

32.     Defendants re-allege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 31 as if set forth fully herein.

33.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 33 and, therefore, deny the same.

34.     Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 34 and, therefore, deny the same.

35.     Defendants are without sufficient information to admit or deny the allegations

contained within Paragraph 35 and, therefore, deny the same.

## SIXTH CLAIM FOR RELIEF
### (Common Count - Quantum Meruit Against All Defendants)

36. Defendants re-allege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 35 as if set forth fully herein.

37. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 37 and, therefore, deny the same.

38. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 38 and, therefore, deny the same.

39. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 39 and, therefore, deny the same.

## SEVENTH CLAIM FOR RELIEF
### (Fraud Against All Defendants)

40. Defendants re-allege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 39 as if set forth fully herein.

41. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 41 and, therefore, deny the same.

42. Defendants deny that any representations and disclosures made by Defendants were false and misleading and that they had knowledge of their falsity. Defendants further deny the remaining allegations contained within Paragraph 42.

43. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 43 and, therefore, deny the same.

44. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 44 and, therefore, deny the same.

45. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 45 and, therefore, deny the same.

46. Defendants are without sufficient information to admit or deny the allegations

contained within Paragraph 46 and, therefore, deny the same.

## EIGHTH CLAIM FOR RELIEF
### (Negligent Misrepresentation Against All Defendants)

47. Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 46 as if set forth fully herein.

48. Defendants deny they made misrepresentations and failures to disclose information for which it had no reasonable grounds to believe to be true. Defendants further deny the remaining allegations contained within Paragraph 48.

49. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 49 and, therefore, deny the same.

50. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 50 and, therefore, deny the same.

51. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 51 and, therefore, deny the same.

## NINTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Against All Defendants)

52. Defendants reallege their previous answers to Plaintiff's Complaint, Paragraphs 1 through 51 as if set forth fully herein.

53. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 53 and, therefore, deny the same.

54. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 54 and, therefore, deny the same.

55. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 55 and, therefore, deny the same.

56. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 56 and, therefore, deny the same.

ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANTS – No. CV 11-4423-DMR - 7 -

006193-11  479475 V1

## AFFIRMATIVE DEFENSES

WHEREFORE, Defendants having answered Plaintiff's Complaint, assert the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), particularly for Defendants NewAge and Media Network.

2. Plaintiff lacks personal jurisdiction as Defendants NewAge and Media Network.

3. Plaintiff lacks subject matter jurisdiction as to Defendants NewAge and Media Network.

4. Plaintiff has failed to mitigate its damages.

5. Damages, if any, were the result of Plaintiff's own conduct.

6. Any payments to Defendants were agreed upon with Plaintiff to be paid from profits.

7. Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9. Plaintiff's claims are barred as a result of failure of consideration.

10. Plaintiff's claims are barred as a result of fraud and misrepresentation.

11. Plaintiff's claims are barred by its failure to satisfy condition precedent.

12. Plaintiff's claims are barred by the doctrine of unclean hands.

13. Plaintiff's claims are barred by the doctrine of account stated.

14. Plaintiff's claim for punitive damages asserted fails to state a claim upon which relief can be granted.

Dated:  October 11, 2011            HAGENS BERMAN SOBOL SHAPIRO LLP


                                    By         /s/ Jeff D. Friedman
                                            JEFF D. FRIEDMAN

                                    715 Hearst Avenue, Suite 202
                                    Berkeley, CA 94710
                                    Telephone: (510) 725-3000

Facsimile: (510) 725-3001
jefff@hbsslaw.com

Russell M. Aoki, (*Pro Hac Vice pending*)
Attorney for Defendant
720 Olive Way, Suite 1525
Seattle, WA 98101
Phone: (206) 624-1900
Fax: (206) 442-4396
russ@aokilaw.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

       /s/ Jeff D. Friedman
       JEFF D. FRIEDMAN

ANSWER AND AFFIRMATIVE DEFENSES FOR DEFENDANTS – No. CV 11-4423-DMR

- 10 -

006193-11  479475 V1

# Mailing Information for a Case 4:11-cv-04423-DMR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Dana Marie Andreoli**
  dandreoli@steyerlaw.com

- **Jeff D Friedman**
  jefff@hbsslaw.com,jeanethd@hbsslaw.com,sf_filings@hbsslaw.com

- **Jeffrey H. Lowenthal**
  jlowenthal@steyerlaw.com

- **Edward Egan Smith**
  esmith@steyerlaw.com,aroque@steyerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)